## BRAS v. RIVERA.

APPEAL from the District Court of Mayagüez.

No. 125.—Decided June 7, 1907.

JURISDICTION—NULLITY OF CONTRACTS—USURIOUS INTEREST.—Municipal courts have jurisdiction in actions involving the nullity of a contract of loan, by reason of usurious interest being stipulated therein when the amount involved, together with interest, does not exceed $500, and it cannot be successfully alleged that in these cases district and municipal courts have concurrent jurisdiction, because the jurisdiction of the municipal courts is exclusive.

The facts are stated in the opinion.

*Mr. Feliú* for appellant.

*Mr. de Diego* for respondent.

Mr. Justice Figueras delivered the opinion of the court.

As antecedents of this appeal it is advisable to insert in full the opinion and judgment of the Judge of the District Court of Mayagüez, rendered on February 23 of the current year, which reads as follows:

"Attorney Leopoldo Feliú, on behalf of the above-mentioned plaintiff—that is to say, Pedro J. Bras—filed a complaint in this court against José G. Rivera, the defendant, praying that judgment be rendered decreeing the annulment of an agricultural loan concluded between the two parties litigant, and he further prays, as a provisional remedy in said action, that the court issue a preliminary writ of injunction against said defendant, his agents and attorneys, or any other persons representing or acting in his name, with or under his authority, as well as to the marshal or deputy marshal of the municipal court of this city, enjoining them from collecting said loan or attaching or selling the property subject to the loan in reference, in any manner or form whatsoever, until the court should otherwise order. The proper proceedings having been had on this complaint, the defendant appeared through his attorney, José de Diego, who demurred to the complaint on the following grounds: First, that this court has no jurisdiction to take cognizance of the matter owing to the subject or amount of the action, since the amount of the agricultural loan, the annulment whereof is sought, does not exceed $500; and, second, that two actions have been improperly joined in the complaint—namely, an action for the annulment of the loan and that relating to the injunction.

"A hearing having been had in open court upon said demurrer and the grounds thereof having been fully discussed by counsel for the litigants, the court reserved judgment, and on this day adjudges that the law is in favor of the defendant as to the first ground alleged in the demurrer—namely, the lack of jurisdiction of this court to take cognizance of the main action involving the annulment of the agricultural loan—because the amount thereof does not exceed $500, including interest; for which reason the action brought comes under the jurisdiction of the municipal court of this city, which is the only competent one therefor in accordance with section 4 of the act reorganizing the judiciary of Porto Rico, dated March 10, 1904, in relation with the Act 'authorizing agriculturists to contract loans guaranteed by products and agricultural implements,' approved March 10, 1904, and the concordat acts applicable to this case—namely, the Act of

March 1, 1902—'to fix a legal rate of interest on all obligations'. Section 4 thereof (362 Revised Statutes) and the Spanish Law of Civil Procedure as amended by General Order No. 118 of 1899, in force at that date and which governed until the publication of the new Code of Civil Procedure of July 1, 1904, in that portion wherein the last two laws regulate the jurisdiction of municipal courts. Therefore, the court sustains said demurrer and abstains from continuing to hear the action for annulment brought, inasmuch as it lacks jurisdiction of the thing in litigation.''

The second ground alleged by the defendant in the demurrer relating to the misjoinder of actions, namely, the action for annulment of the loan. and that relating to the injunction, was overruled by the court, but no appeal was taken from this decision, nor from that granting the provisional injunction.

We need not, therefore, consider any decision in which the defendant has acquiesced.

The plaintiff, Pedro J. Bras, took an appeal from the decision of February 23 of the current year, to which we have referred, by which the Judge of the District Court of Mayagüez held that he was without jurisdiction on the ground that the amount involved did not exceed $500, including interest; and said plaintiff has appeared in this court and presented his allegations and a supplementary brief.

The appellant maintains in his allegations that the District Court of Mayagüez is the one having jurisdiction to take cognizance of the complaint filed in this case.

He bases his contention on the Act approved March 1, 1902, which fixes the interest on obligations of all kinds, inasmuch as the question here involved, he alleges, is the annulment of a contract because the interest is usurious.

The act above cited and referred to by the appellant did not fix or determine the court which was to take cognizance of the nullity of contracts on account of usurious interest, but placed all such questions arising in this connection under the jurisdiction of the proper court, as when said law was enacted

there coexisted with it in matters of organization and procedure, General Order No. 118 of August 15, 1899, and the latter under sections 26 and 47 fixed in a clear manner the jurisdiction of municipal judges and district courts as to the amounts involved, there is no doubt that said act of 1902 referred to said courts according to the interest of the litigation discussed in each case.

This is also the case with the act, upon the same subject, approved March 12, 1903, which was limited to an amendment of the first section of the act of 1902.

Then comes the Act approved March 14, 1907, page 229, which amended section 4 and provided:

"Any contract wherein or whereby there is reserved, accepted or secured, or agreed to be reserved, accepted or secured, any greater rate of interest than is allowed by this act is utterly void for all purposes in so far as the interest is concerned; and a court of competent jurisdiction in a proper action may enjoin the collection of said interest; and any proceeding to enforce such contract shall be void in so far as it refers to the interest."

As will be observed, neither did this act determine in a precise manner what court might declare the nullity referred to, and hence it is necessary in this case to submit to the act reorganizing the judiciary of Porto Rico, section 4 of which provides that municipal judges have jurisdiction in all civil matters in their districts to the amount of $500, including interest.

We must not lose sight of the fact that what is involved in this case is the nullity of a contract not exceeding said sum. and that the appellant obtained by means of a provisional injunction, for which he applied in the same complaint, the remedy to suspend the collection of the loan alleged to be void, as also any attachment or sale of the property subject to said loan, and note that this remedy is secured from the same court which held itself to be incompetent by reason of the amount involved to take cognizance of the main issue of the nullity referred to in the complaint.

I believe that all the questions referred to in the brief of. the appellant have been decided.

In his supplementary brief be maintains that the jurisdiction of the district courts is concurrent with that of the municipal courts, and he cites in support thereof decisions of a number of courts of the United States.

But we have here our statute on the matter in question which,.in our judgment, does not admit of such concurrence of jurisdiction in cases wherein the amount involved does not exceed $500, including interest. In these cases the jurisdiction of municipal judges is exclusive, and we will abide by our statute.

The same question was treated more at length by this Supreme Court in case No. 110 of *Tony Lowande* v. *Otero & Co.* from the District Court of San Juan, decided May 3 of the current year, and we refer to the opinion delivered in that case as an answer to the supplementary brief of the appellant in every respect.

For the reasons stated, the judgment of the District Court of Mayagüez, rendered February 23, 1907, should be affirmed, and the costs of this appeal should be taxed against the plaintiff and appellant, Pedro J. Bras.

*Affirmed.*

Chief Justice Quiñones and Justice Wolf concurred.

Justices Hernández and MacLeary did not take part in the decision of this case.